CORNELIUS POILLON, Surviving Partner of ALEXANDER
C. POILLON, Deceased, Respondent, v. HENRY VOLKEN-
NING, Impleaded, etc., Appellant.

*Undertaking on injunction — reference to compute damages — rights of surety as to
notice — Damages in excess of the amount claimed — when allowed.*

Where a reference is ordered to compute the amount of damages sustained by a
defendant, in consequence of a temporary injunction procured by the plaintiff,
the report of the referee is conclusive upon the sureties to the undertaking given
by the plaintiff, unless it be shown that the assessment of damages was fraud-
ulent, even though no notice of the motion for the reference, or of the motion
to confirm the report of the referee, has been given to them.

The plaintiff, in his complaint, demanded judgment for $2,500, the amount of
the undertaking, with costs. Upon the trial, the judge charged the jury that
the plaintiff might recover the $2,500, with interest from a specified date.
The counsel for the appellant did not object to the recovery of interest, but
insisted that it should commence at a period later than that designated by the
judge. Upon appeal, the appellant claimed the court could not, after judgment,
amend the clause in the complaint by increasing the amount of damages
demanded therein.

*Held,* that, the counsel not having suggested that interest could not be allowed,
the court, upon appeal, would, under section 173 of the Code, consider the
complaint as properly amended.

*Corning* v. *Corning* (6 N. Y., 971) distinguished.

Interest upon the amount of an undertaking given upon procuring an injunction
does not commence to run until the confirmation of the report of the referee
fixing the amount of damages occasioned by the injunction.

Appeal from a judgment in favor of the plaintiff entered on a
verdict, and also from an order denying a motion for new trial made
on the minutes of the justice before whom the action was tried.

This action was brought against the defendant Volkenning, as one
of the sureties in an undertaking given to procure an injunction.

The complaint alleged that on the 12th day of July, 1869, an
injunction was issued out of this court at the suit of one Joseph W.
Bray against the plaintiffs in this action, by which they were enjoined
from prosecuting an action to eject Bray from the premises owned
by the plaintiffs located on Broadway; that upon the issuing of
said injunction the defendant Volkenning gave an undertaking
required by the judge in the sum of $2,500 for the payment to the
plaintiffs so enjoined such damages, not exceeding said sum, as they
might sustain by reason of the injunction if the court should finally

decide that said Bray was not entitled thereto, such damages to be ascertained by a reference or otherwise, as the court should direct; that the defendant Volkenning duly verified and acknowledged the said undertaking; that the said action against the plaintiffs by said Bray was finally decided by the court to the effect that said Bray was not entitled to said injunction; that the damages to the plaintiffs by reason of the injunction amounted to $3,805.55 and interest from February 7, 1871, which the court on that day awarded to the plaintiffs. A demand for judgment was made against the defendant for $2,500, besides the costs of the action.

*Nelson Smith,* for the appellant.

*George H. Forster,* for the respondent.

DAVIS, P. J.:

This action is upon an undertaking alleged to have been executed by the appellant as surety with one Bray, in an action brought by the latter against the present respondent, and one L. C. Poillon, deceased. Final judgment had been rendered in the latter action dismissing the complaint, and an order of reference was made to compute the damages sustained by the defendants by reason of the injunction. The amount of damages reported by the referee was $3,805.56, and the referee's report was afterwards confirmed at Special Term. The surety had no notice of the reference nor of the application for the confirmation of the report. In *The Methodist Church* v. *Barker* (18 N. Y., 463) such a report was held to be conclusive upon the sureties, where the undertaking provided for the damages being ascertained by reference, although the sureties were not parties to, nor notified of, the proceeding to ascertain the same. (See, also, *Leavitt* v. *Dabney,* 40 How., 277; *Hotchkiss* v. *Platt,* 7 Hun, 57.) It was not necessary for the respondent to put in evidence on the trial the proceedings at Special and General Term on the motion of the appellant to open the order of reference, but we do not think their reception was a fatal error. If they had any effect it was simply a confirmation of the conclusiveness of the report against the appellant, and that, under the authorities cited, was not an open question. It was alleged by the appellant that the report of the

referee to ascertain the damages was obtained by fraud and collusion, but no evidence was offered to sustain that allegation. A large portion of the damages allowed by the referee was for the use and occupation of the premises affected by the injunction. It was offered on the trial to show what was the value of such use and occupation during the period covered by the referee's report. This was objected to by the plaintiff's counsel, on the ground that the report was conclusive, and that the question of damages could not be gone into. The court sustained this objection. The appellant's counsel excepted to that ruling, and then stated that he offered the evidence on the question of fraud in the assessment of damages. To which the court said : " I will allow you to prove fraud, but I will not allow you, in the first instance, to show that the assessment of damages was too high," to which the appellant's counsel excepted.

The court was right in its ruling upon the objection made, and when the evidence was offered on the question of fraud, the substance of the ruling of the learned judge was, that he would not allow evidence to show that the damages were too high, until some evidence tending to show the alleged fraud had been given. It was substantially a mere ruling as to the order of evidence. No evidence appears to have been given to establish the alleged fraud or collusion in the assessment. On the contrary it appears that that proceeding was had upon notice of every step to the attorney for the plaintiff in that action, and that the referee summoned, in due form, the plaintiff and his attorneys and counsel, and that service was duly admitted by both the plaintiff's counsel and his attorneys, and that notice of the confirmation of the report was also given.

There was no error in the exclusion of evidence upon the question of the value of the use of the property, until some evidence should be given tending to establish the alleged fraud. We do not think that the exception to the exclusion of this evidence was well taken.

All the requests to charge presented on the part of the appellant's counsel were charged precisely as requested; and the questions, whether or not the undertaking was executed by the appellant as surety, and whether it was obtained from him, and used by means of any fraud practiced upon him by the attorney of the plaintiff in the action in which the undertaking was given, were submitted

very fairly and fully to the jury. The jury found, as we think they had a right to find upon this conflicting evidence, that the undertaking was executed and delivered by defendant as surety, and that there was no fraud that affected its validity.

The question is now made, that the plaintiffs having demanded in their complaint in this action judgment for the sum of $2,500 (which was the amount expressed in the undertaking) and costs, cannot now recover any greater sum than that amount. They were allowed to recover the amount expressed, with interest, and no suggestion was made at the trial that the verdict must be limited to the exact sum of $2,500 demanded in the complaint. The court said to the jury that if they found for the plaintiff they were entitled to give a verdict for the sum of $2,500, with interest to the amount of $990.20, making a total of $3,490.20. No objection was made to the allowance of interest, but the counsel for the defendant asked the court to charge that, in any event, "interest should not be recovered except from the time of the order confirming the assessment of damages." The court refused so to charge, to which the counsel for the defendants duly excepted. We are referred to *Corning* v. *Corning* (6 N. Y., 97), in which the court (at page 105) say:

"Before the adoption of the Code it is well settled that the Supreme Court had no power to allow an amendment of a declaration after verdict, by increasing the amount of damages claimed to correspond with the amount of the verdict, except upon condition that the plaintiff relinquished the verdict, paid the defendant's costs of the trial and consented to a new trial. The Code has not changed this rule."

That was an action of assault and battery, in which the complaint demanded judgment for $2,000 damages. The jury, by their verdict, assessed the damages at $3,000. The Circuit judge amended the complaint so as to enlarge the claim of damages to the amount of $3,000. On appeal from the order the General Term reversed the judgment for $3,000, but restored the plaintiff to the right to remit the excess of the verdict and to enter judgment under the complaint for $2,000, and refused a new trial in the event of such remission. The Court of Appeals affirmed the judgment upon such permission to remit. In this case, however, the amount demanded by the complaint is $2,500, which is the sum fixed by the undertak-

ing. The plaintiff, if entitled to recover that sum, was entitled by law to interest thereon from the time when the appellant's liability became fixed. And we think, under the circumstances of this case, it is not a fatal error to allow the recovery of such interest. The present Code, in its provisions for amendment of pleadings after verdict, is far more liberal than the provisions existing in 1851, when *Corning* v. *Corning* was decided; and we think, in the case of an action on contract where the contract being established, interest is given as matter of law, and the attention of counsel is distinctly called to the question of the allowance of interest, and no suggestion is made that interest cannot be recovered because not demanded in the complaint (at which time, undoubtedly, the proper amendment might be made), the court should, on appeal, under the liberal powers given by section 173 of the Code, regard the complaint as properly amended. But it appears, in this case, that interest was allowed on the sum of $2,500 from the 26th of April, 1870, amounting to $990.20. That was the date of the entry of the judgment dismissing the complaint in the action in which the undertaking was given.

We think the court erred in holding that the respondent was entitled to recover interest from that date. The liability of the surety did not become fixed, until the ascertainment of the damages by the report of the referee and its confirmation by the court.

The order of confirmation was made on the 7th of February, 1871, and on that day the appellant could have discharged his liability as surety by the payment of the sum of $2,500 without interest.

Interest should have been computed from that date. The difference between that interest and the amount recovered is $137.08, as stated by the appellant's counsel. If that be a correct computation the verdict is too large by that sum. There is no difficulty, however, in making the proper deduction, if the plaintiff elects to do so.

For this error the judgment must be reversed, and a new trial granted, with costs to abide the event, unless the plaintiff stipulate, within twenty days, to deduct from the verdict the excess of interest accruing between the 20th of April, 1870, and the 7th of February, 1871. If such stipulation be given the judgment should be affirmed as so reduced, and the motion for new trial denied, without costs to either party on the appeal.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide event, unless plaintiff stipulate, within twenty days, to deduct from the verdict all interest accruing between the 26th of April, 1870, and the 7th of February, 1871. If such stipulation be given, judgment, as so reduced, affirmed, and the motion for new trial denied, without costs to either party on the appeal.